17-3338-cv
*Vested Business Brokers v. County of Suffolk*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand eighteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> DENNY CHIN,
> > *Circuit Judge*,
> JEFFREY A. MEYER,
> > *District Judge*.[*]

---

Vested Business Brokers Ltd.,

> *Plaintiff-Appellant*,

v.                                                                              17-3338-cv

County of Suffolk, Suffolk County Police
Department, Detective Thomas Gabriele, SCPD
Shield #1203, Richard Dormer, Alexander J. Caro,
Joseph Holstein, Zygmund Marszalek,
Arrow Security Inc., Kieran Rodgers, Bridge
Business & Property Brokers, Inc., John and Jane
Does 1-10,

> *Defendants-Appellees*.

---

[*] Judge Jeffrey A. Meyer, of the United States District Court for the District of Connecticut, sitting by designation.

FOR PLAINTIFF-APPELLANT:

PETER J. CREEDON, Creedon & Gill, P.C., Northport, NY (Alexei Schacht, *on the brief*, New York, NY).

FOR DEFENDANTS-APPELLEES:

DANA KOBOS, Suffolk County Attorney's Office, Hauppauge, NY.

GAYLE GERSON (Robert J. Ansell, Jay S. Hellman, *on the brief*) Silverman Acampora LLP, Jericho, NY.

MICHAEL J. MILLER, Heilig, Branigan and Miller LLP, Holbrook, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Locke, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Vested Business Brokers Ltd. ("VBB") filed the instant action on September 5, 2016, averring state law claims against a businessman named Alexander Caro and a series of related parties (the "Caro defendants") and federal law claims under 42 U.S.C. §§ 1983, 1985, and 1986 against the County of Suffolk, the Suffolk County Police Department ("SCPD"), Detective Thomas Gabriele, and Richard Dormer (the "county defendants"). In September 2017, the district court dismissed VBB's complaint with prejudice and entered judgment in favor of defendants, holding that VBB's federal law claims were untimely, that no tolling doctrine applied, and that any subsequent amendments would be futile. It also declined to exercise supplemental jurisdiction over VBB's state law claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

VBB does not contest the district court's holding that the statute of limitations period on its § 1983 claims began to run "no later than 2008" and "ended in 2011." App. at 239. Nor does VBB contest the district court's conclusion that its § 1983 claims are time barred on that basis. Instead, VBB argues that the district court erred by declining to employ equitable tolling. According to VBB, equitable tolling should apply because the SCPD, "acting in conspiracy" with Alexander Caro, advised VBB "not to file a civil action" because "it could impede or derail their criminal investigation and prosecution" of Caro. Appellant's Br. at 19; *see id.* at 14 (the SCPD acting "in conspiracy with Alexander Caro engaged in conduct, including making overt statements, to convince [VBB] that commencing a civil action against Alexander Caro would threaten to derail a criminal investigation"); *id.* (the SCPD "intended that a civil action would never be commenced").

But VBB does not allege anywhere in its complaint (or argue in its opposition to defendants' motions to dismiss) that the SCPD told VBB not to commence a civil action. Nor did VBB allege that the SCPD told VBB that a civil action would impede their criminal investigation or that the SCPD took affirmative steps of any kind to prevent VBB from filing a such an action. Moreover, these new allegations are irrelevant to whether VBB's § 1983 claims are time barred. Even now, VBB does not claim that the SCPD did anything to prevent VBB from filing a § 1983 claim against the county defendants. Because VBB does not identify allegations in the complaint suggesting that the county defendants induced VBB by fraud, misrepresentation, or deception to refrain from filing a timely action against *them*, the district court did not err in dismissing VBB's equitable tolling argument. *See Zumpano v. Quinn*, 6 N.Y.3d 666, 673–74 (2006) ("[t]he doctrine

3

of equitable estoppel applies . . . where [a] plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action" and reasonably relied on the defendant's misrepresentations) (internal quotation marks and citations omitted); *Pearl v. City of Long Beach*, 296 F.3d 76, 85 (2d Cir. 2002) (explaining that defendants' alleged fraud did not warrant tolling of time-barred lawsuit when plaintiff was aware of the underlying facts supporting its claim).

VBB argues in the alternative that the district court erroneously concluded that amendment would be futile. Leave to amend is futile when a plaintiff cannot cure the deficiencies in its pleadings to allege facts sufficient to support its claim. *See Cuoco v. Moritsugu,* 222 F.3d. 99, 112 (2d Cir. 2000). Given that VBB identifies no new facts to support tolling of the limitations period on its § 1983 claims, the district court properly denied VBB leave to amend.

Having determined that the district court properly dismissed VBB's § 1983 claims as time-barred, we need not reach the district court's merits analysis of those claims.[1] Additionally, as VBB does not challenge the district court's dismissal of its §§ 1985 and 1986 claims, any challenge to the dismissal of those claims is waived. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("arguments not made in an appellant's opening brief are waived"). We have considered all VBB's remaining arguments and find them to be

---

[1] On February 27, 2018, VBB moved to supplement the record with a hearing transcript in another case. Because VBB's arguments involving this transcript relate only to the merits of its § 1983 claims, and we do not reach the merits of those claims, we deny VBB's motion as moot.

4

without merit. Accordingly, for the reasons set forth above, we **AFFIRM** the judgment of the district court and **DENY** as moot VBB's motion to supplement the record on appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court